UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Amos Togbeson, Jr.,

    Plaintiff,

vs.

Michael Wrobel, acting in his individual capacity as a Brooklyn Park police officer,

    Defendant.

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED UNDER FRCP 38(b)**

---

For his Complaint, Plaintiff Amos Togbeson, Jr. ("Togbeson"), hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Togbeson as a result of the use of excessive force and violation of his constitutional rights by on-duty Brooklyn Park police officer, Michael Wrobel ("Wrobel"). Wrobel's conduct violated Togbeson's well-settled federal civil rights while acting under color of state law.

2. Togbeson was, at all times material hereto, a Permanent Resident of the United States of America, residing in the State of Minnesota.

3. Wrobel was, at all times material hereto, a duly appointed and acting peace officer of the Brooklyn Park Police Department, located in Brooklyn Park, Minnesota.

4. Togbeson brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

5.   Togbeson was, at all times material hereto, a thirty-three (33) year old man, who stood at approximately 5'4" and weighed 120lbs.

6.   On the evening of April 8, 2012, at approximately 10:52 p.m., Togbeson was driving and subjected to a traffic stop by Brooklyn Park police officers Wrobel and Adam Moen.

7.   The officers ultimately reached the determination that Togbeson was driving under the influence of alcohol, and Wrobel placed Togbeson under arrest.

8.   Wrobel handcuffed Togbeson, placed Togbeson in the back of his squad, and drove Togbeson to the Brooklyn Park Police Department (BPPD).

9.   On the way to the BPPD, Togbeson informed Wrobel that he needed to urinate.

10.   Upon arriving at the BPPD, Wrobel placed Togbeson in the searching vestibule without giving Togbeson the opportunity to urinate.

11.   Togbeson, who was handcuffed with his hands behind his back, subsequently began urinating on himself and ultimately onto the floor of the searching vestibule.

12.   Shortly thereafter, Togbeson began stumbling about the searching vestibule, which angered Wrobel.

13.   As a result, Wrobel slammed Togbeson into the wall.

14.   Togbeson cried out after being slammed into the wall.

15.   Shortly after Wrobel slammed Togbeson into the wall, detention officer L. Hanson ("Hanson") entered the searching vestibule.

16.   Wrobel told Hanson to "watch out," suggesting that Hanson should get out of

the way because Wrobel had made the determination that he was going to bring Togbeson to the ground.

17. Immediately after warning Hanson to move, Wrobel violently and unconstitutionally slammed the handcuffed Togbeson, head first, into the ground.

18. Togbeson began screaming and blood gushed from his forehead.

19. Wrobel subsequently claimed that he slipped on the urine and unintentionally brought Togbeson to the ground; however, this is contradicted by the clear video evidence, which shows that Wrobel's act of violently pile-driving Togbeson into the ground was volitional and intentional.

20. Togbeson suffered both open and closed head injuries as a result of Wrobel's unconstitutional conduct.

21. Togbeson was treated at North Memorial Medical Center, where the ER doctor observed a "4.5 cm jagged laceration" on Togbeson's forehead, which required 13 sutures to treat.

22. Togbeson has permanent and unwanted scarring on his forehead as a result of this laceration.

23. Togbeson continues to experience dizziness and other symptoms associated with post-concussive syndrome, as a result of Wrobel's unconstitutional conduct.

24. Togbeson incurred at least $6,017.10 in medical special damages as a direct and proximate result of Wrobel's unconstitutional conduct.

25. Togbeson will continue to incur special medical damages as a result of Wrobel's unconstitutional conduct.

26. By the actions described above, Wrobel, under color of state law, violated and deprived Togbeson of his clearly established and well-settled civil rights to be free from unreasonable seizures and the use of excessive and unreasonable force in violation of the Fourth Amendment.

27. Wrobel subjected Togbeson to these deprivations of his rights in such a manner as to render Wrobel liable for punitive damages.

28. As a direct and proximate result of Wrobel's acts and omissions, Togbeson suffered serious and permanent injuries, was forced to endure pain, suffering, and emotional distress, and was damaged in an amount exceeding Two Hundred Fifty Thousand ($250,000.00) Dollars.

29. Punitive damages are available against Wrobel and are hereby claimed as a matter of federal common law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), in an amount exceeding Two Hundred Fifty Thousand ($250,000.00) Dollars.

30. Togbeson is entitled to recovery of his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

**PLAINTIFF AMOS TOGBESON, JR. DEMANDS A JURY TRIAL TO ALL ISSUES OF FACT HEREIN.**

WHEREFORE, Plaintiff Amos Togbeson, Jr. prays for judgment against Defendant Michael Wrobel as follows:

1. A money judgment against Defendant Michael Wrobel for compensatory and punitive damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars, together with his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988, and prejudgment interest; and

2. For such other and further relief as this Court deems just and equitable.

GASKINS BENNETT BIRRELL SCHUPP LLP

Dated: 3/13/13

Jeffrey S. Storms, #0387420
Kathryn H. Bennett, #0392087
Brett M. Burns, #0393575
333 South Seventh Street, #2900
Minneapolis, MN  55402
Telephone: 612-333-9500
*Attorneys for Plaintiff*